993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie D. BUNCH, individually and on behalf of her minor
children, Jared Bunch and Kirstin Bunch,
Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
Leslie D. BUNCH, individually and on behalf of her minor
children; Jared Bunch and Kirstin Bunch,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 92-15310, 92-15332.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1993.
Decided May 13, 1993.
 
 Before: SCHROEDER, PREGERSON, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals the district court's judgment in favor of Leslie Bunch following a bench trial in her action to recover damages for personal injuries under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. In her cross-appeal, Bunch appeals the district court's denial of damages for reduced earning capacity.
 
 
 3
 The case arises out of an automobile accident that occurred as a result of Bunch's efforts to avoid a collision with a low-flying military airplane. She suffered serious injuries and miscarriage in the accident. Bunch also suffered a second miscarriage some time later because the injuries had not sufficiently healed for her to maintain a pregnancy. The government contends that the district court erred by finding that the accident was caused by a military aircraft owned and operated by the United States.
 
 
 4
 The district court made careful findings of fact based upon the evidence in the case. That evidence included witnesses who were near the scene. Robert Burson, who was also driving southbound on the same route that afternoon, testified that he saw a military fighter aircraft; he knew it was military from its insignia and markings. He testified that he sees military aircraft quite often and is able to recognize them. He described the plane as "long and sleek" with "swept" rather than "delta" wings, with a light underside, grimy streaks on the bottom, twin engines and one pilot. The top of the plane was either silver or grey, and the bottom was white or a light color.
 
 
 5
 Donna Berg testified that she had seen a military airplane and that she was very familiar with the identification of military aircraft because she had worked for the Air Force as a member of the Ground Observer Corps, who are trained to spot and identify different types of planes. She testified that the plane was "grey or green."
 
 
 6
 Considerable evidence was admitted concerning the type of planes flying missions out of Fallon Naval Air Station. The district court found that there were six or seven planes from Squad 105 flying from that station which might have been the aircraft seen by the plaintiff. Finally, the district court dealt in Finding 22 with evidence of military planes not owned or operated by the United States Government in Nevada, and found that none of them had two engines, like the plane described in the evidence as involved in the accident.
 
 
 7
 This court must defer to the findings of the district court if they represent a "plausible view of the evidence," Reber v. United States, 951 F.2d 961, 964 (9th Cir.1991), cert. denied, 112 S.Ct. 1675 (1992) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985)). In Reber, we refused to overturn a district court finding that the plaintiffs failed to prove military negligence as the cause of an accident. Applying the same standard to this case, we must affirm.
 
 
 8
 The United States also contends that the district court erred by taking into account the second miscarriage as an element of damages. It argues that the second pregnancy was an intervening and superseding cause of the second miscarriage. The cases that it cites do not support such a holding in this case. In Drummond v. Mid-west Growers Coop. Corp., 542 P.2d 198, 203 (Nev.1975), the court said: "An 'efficient intervening cause' is 'not a concurrent and contributing cause but a superseding cause which is itself the natural and logical cause of the harm.' " Here the district court treated the second miscarriage as the result of the accident because plaintiff's physical condition was directly attributable to the accident. Moreover, it does not appear from the district court's findings and conclusions of law that the second miscarriage independently contributed in any substantial way to the total amount of $300,000 in damages awarded for the overall category of "miscarriage and pain, suffering and emotional distress."
 
 
 9
 In the cross-appeal, Bunch maintains that the district court erred by denying her damage for reduced earnings capacity. The United States does not contest her legal argument that loss of earning capacity is measured by the difference between what the injured person is capable of earning before and after the accident. Rather, the government argues that the factual testimony does not establish actual lost earning capacity.
 
 
 10
 In this case, the record includes evidence that Bunch had recovered from her injury as of November 1989. There was disputed testimony about her capacity to perform different levels of jobs where she worked and about the effects of the accident on her wage-earning capacity. Given the disputed testimony about Bunch's earning capacity, the district court was not clearly erroneous by not awarding damages for reduced earning capacity.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3